UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WHITNEY BANK, | § | |
| | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-14-222 |
| | § | |
| GOLDKING ENERGY PARTNERS II, L.L.C., *et al.*, | § | |
| | § | |
|    *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff Whitney Bank's motion for summary judgment. Dkt. 9. Defendants have not filed a response to Whitney Bank's motion, despite being given additional time to do so. Dkt. 10. After considering the motion, record, and applicable law, the court is of the opinion that Whitney Bank's motion for summary judgment should be **GRANTED**.

**I. BACKGROUND**

On or about March 14, 2013, Goldking Energy Partners II, L.L.C. ("Goldking") executed a promissory note in the principal amount of $900,000.00 (the "Note") in favor of Whitney Bank. Ex. A.1. Leonard Tallerine, Jr. ("Tallerine") signed the Note in his capacity as manager of Goldking. *Id.* at 3. In accordance with the Note, Whitney Bank disbursed the loan amount on or about March 14, 2013. Ex. A, ¶5. Under the terms of the Note, Goldking agreed to make monthly payments of all accrued unpaid interest due as of each monthly payment beginning April 14, 2013. Ex. A.1, p. 1. Further, Goldking agreed that it would pay the outstanding principal balance and accrued interest on or before June 15, 2013. *Id.* at 3. The Note matured on June 15, 2013; however, defendants have failed to make the required payments, and a total principal balance of $730,993.78 remains due and owing. Ex. A, ¶8.

Tallerine also executed a Commercial Guaranty, personally obligating himself to repay the Note (the "Guaranty"). Ex. A.2. Under the Guaranty, Tallerine promised to absolutely and unconditionally guarantee full and timely payment and satisfaction of the debt. *Id.* at 1. Additionally, Tallerine agreed that Whitney Bank could enforce the Guaranty against him even if Whitney Bank had not exhausted its remedies against Goldking or anyone else obligated to pay the debt. *Id.*

On October 30, 2013, the parties entered into a Forbearance Agreement in an effort to allow defendants more time to pay off the Note. Ex. A.4. In the Forbearance Agreement, defendants acknowledged that the Note matured on June 15, 2013, that they were in default, and that the principal amount of $703,911.80 was due as of October 30, 2013. Ex. A.4, p. 1. Under the terms of the Forbearance Agreement, defendants agreed to make a principal payment of the greater of (1) $500,000 or (2) all the money derived from the liquidation of Tallerine's retirement accounts by December 15, 2013. *Id.* Defendants defaulted on the terms of the Forbearance Agreement, which under its terms, gave Whitney Bank the right to move forward with its collection efforts. *Id.* at 2-3.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The moving party bears the initial burden of informing the court of evidence, if any, that demonstrates the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. A dispute is

"genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986); *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005). A dispute is "material" if its resolution could affect the outcome of the action. *Anderson*, 477 U.S. at 248. The substantive law determines the facts which are material in each case. Lastly, in determining whether a genuine dispute of material fact exists, the court views the evidence and draws inferences in the light most favorable to the nonmoving party. *Id.* at 255; *Richardson v. Monitronics Int'l, Inc.*, 434 F.3d 327, 332 (5th Cir. 2005).

Generally, when a party does not respond to a motion, the motion will be deemed unopposed. *See* S.D. TEX. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). However, a district court may not grant a motion for summary judgment merely because it is unopposed. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010); *John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985) (a motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule). When a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if it is shown that the movant is entitled to judgment in its favor. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

### III. ANALYSIS

In this case, Whitney Bank seeks damages resulting from defendants' breach of the Note, Guaranty, and Forbearance Agreement. As set forth in detail *supra*, Whitney Bank has shown its lawful right to collect on the defaulted promissory note, corresponding guaranty, and the Forbearance

3

Agreement. Given that no opposition has been lodged to Whitney Bank's motion for summary judgment, the court is permitted to find that Whitney Bank's factual recitation is undisputed.

To recover for breach of a promissory note, a plaintiff must prove the note in question, that the defendant signed the note, that the plaintiff is the legal owner and holder of the note, and that a certain balance is due and owing on the note. *Truestar Petroleum Corp. v. Eagle Oil & Gas Co.*, 323 S.W. 3d 316, 319 (Tex. App.–Dallas 2010, no pet.). Here, the undisputed evidence establishes, as a matter of law, that Goldking executed the promissory note, requiring it to make monthly payments of all accrued unpaid interest due as of each monthly payment beginning April 14, 2013 and to pay the entire outstanding principal balance and accrued interest on or before June 15, 2013. The Note was executed in favor of Whitney Bank, making it the owner and holder of such note. Whitney Bank performed on its obligations under the Note by disbursing the principal loan amount to Goldking. Despite negotiations and attempts to collect on the debt, Goldking has failed to pay the amounts due and owing under the Note, thereby causing Whitney Bank damages. Whitney Bank, therefore, is entitled to summary judgment on its claim for breach of the promissory note.

Likewise, Whitney Bank asserts that the Guaranty in this case has been breached. To recover on a guaranty contract, a plaintiff must show: (1) the existence and ownership of the guaranty contract; (2) the terms of the underlying contract by the holder; (3) the occurrence of the condition upon which liability is based; and (4) the guarantor's failure or refusal to perform the promise. *Lee v. Martin Marietta Materials Sw., Ltd.*, 141 S.W.3d 719, 720-21 (Tex. App.–San Antonio 2004, no pet.). Here, the undisputed evidence shows Tallerine executed the Guaranty in favor of Whitney Bank, in which he personally and unconditionally guaranteed the full payment of the Note. The payment of the underlying note remains in default. And, despite multiple attempts to collect,

defendants have failed to repay the amounts due and owing under the Note, thereby breaching the Guaranty and causing Whitney Bank damages. Whitney Bank, therefore, is entitled to summary judgment on its claim for breach of the Guaranty.

Additionally, Whitney Bank asserts a claim for breach of the Forbearance Agreement entered into by Goldking and Tallerine. The essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Valero Mktg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App.–Houston [1st Dist.] 2001, no pet.). Defendants entered into the Forbearance Agreement with Whitney Bank to allow them additional time to repay the Note. The Forbearance Agreement required that defendants make a principal payment of the greater of (1) $500,000 or (2) all the money derived from the liquidation of Tallerine's retirement accounts by December 15, 2013. Whitney Bank performed its obligation under the Forbearance Agreement by ceasing its collection efforts until December 15, 2013. Defendants failed to make the required payment, thereby breaching the Forbearance Agreement and causing Whitney Bank damages. Whitney Bank is, therefore, entitled to summary judgment on its claim for breach of the Forbearance Agreement.

Finally, Whitney Bank has pled and demonstrated it is entitled to attorneys' fees, interest, and costs pursuant to the terms of the various contractual agreements and pursuant to Texas Civil Practice and Remedies Code § 38.001. Section 38.001 authorizes an award of attorneys' fees "in addition to the amount of a valid claim" in a breach of contract case. TEX. CIV. PRAC. & REM. CODE § 38.001(8); *DP Solutions, Inc. v. Rollins, Inc.*, 353 F.3d 421, 436 (5th Cir. 2003) ("An award of attorneys' fees is mandatory for a party prevailing in a breach of contract case."); *AMX Enterprises,*

*L.L.P. v. Master Realty Corp.*, 283 S.W.3d 506, 516 (Tex. App.–Fort Worth 2009, no pet.). "To obtain an award of attorney's fees under . . . Section 38.001 of the Civil Practice and Remedies Code, a party must (1) prevail on a cause of action for which attorney's fees are recoverable, and (2) recover damages." *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 437 (Tex. 1995). Whitney Bank has satisfied the requirements set forth under Texas law. Thus, the court also grants Whitney Bank summary judgment on its claim for attorneys' fees.

Whitney Bank supports its claim for attorneys' fees with the affidavit of its supervising attorney who handled this case, Janet Militello. Dkt. 9, Ex. B. Militello avers that Whitney Bank incurred legal fees in the amount of $33,625.20 in pursuit of this action. Militello further describes the type of work performed by Whitney Bank's attorneys, their hourly rates, and the total fees and costs charged. Defendants have not challenged Whitney Bank's request for attorneys' fees. Accordingly, the court finds that the attorney's fees sought by Whitney Bank are reasonable and necessary and should be awarded to Whitney Bank as the prevailing party in this case.

## IV. CONCLUSION

The undisputed evidence shows that Whitney Bank is entitled to summary judgment on all of its claims against defendants. Therefore, Whitney Bank's motion for summary judgment (Dkt. 9) is GRANTED. A separate final judgment will be issued in accordance with this opinion.

It is so ORDERED.

Signed at Houston, Texas on January 12, 2015.

_____
Gray H. Miller
United States District Judge